IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CYNTHIA G. SMITH,     § | |
|     Plaintiff,     § | |
| § | |
| v.     § | Civil Action No. 3:15-CV-2748-K-BK |
| § | |
| SAM'S CLUB,     § | |
|     Defendant.     § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this *pro se*, employment discrimination case has been referred to the magistrate judge for pretrial management.  Now before the Court is *Defendant's Motion for Summary Judgment*, Doc. 41, filed October 20, 2016.  Plaintiff was required to file her response, if she opposed the relief requested, by November 10, 2016, but failed to do so.  *See* N.D. Tex. Local Rule 7.1(e) (establishing deadlines for filing responses to motions).

Subsequently, this Court issued an Order on November 15, 2016, directing Plaintiff to respond to Defendant's motion no later than December 6, 2016, if she was opposed to the dismissal of this case.  Doc. 48 at 1.  The Order also warned Plaintiff that she risked dismissal of the case for failure to prosecute if she did not respond.  Doc. 48 at 1.  That deadline has passed, and Plaintiff still has not responded.  Thus, the Court should dismiss this action without prejudice for lack of prosecution and for failure to comply with a court order.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Here, Plaintiff failed to timely respond to

Defendant's motion for summary judgment and failed to comply with this Court's subsequent order *sua sponte* enlarging the time to file a response.  Furthermore, Plaintiff has not filed any pleading since her September 27, 2016, and – despite the Court's order to do so –failed to confer with Defendant regarding the additional deposition testimony or attorneys' fees granted in connection with Defendant's *Motion to Compel*.  Doc. 46.

Accordingly, given Plaintiff's failure to prosecute her case, the undersigned recommends that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).  As Defendant has not asserted any counterclaim, a dismissal will conclude this case.

**SO RECOMMENDED** on December 16, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE